UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
December 22, 2016

_____

**In re:**                                                          Chapter 11
    **James T. Theodore,**                      Case # 10-10233
        **Debtor.**

_____

*Appearances:*  Heather Z. Cooper, Esq.                            *John J. Kennelly, Esq.*
                Rodney E. McPhee, Esq.                      Pratt Vreeland Kennelly Martin
                Facey Goss & McPhee, P.C.                        & White, Ltd.
                Rutland, Vermont                                      Rutland, Vermont
                For the Debtor                                            For American First Federal

## MEMORANDUM OF DECISION
### GRANTING DEBTOR'S MOTION FOR ENTRY OF DISCHARGE

       The question before the Court is whether post-petition and post-confirmation modifications of mortgage notes, Chapter 11 plans, and Chapter 11 confirmation orders reinstate personal liability on an individual Chapter 11 debtor, absent a reaffirmation agreement executed pursuant to the requirements of the Bankruptcy Code. <u>See</u> 11 U.S.C. § 524(c).

### JURISDICTION

       This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered in this District on June 22, 2012. The Court declares the claims presented by this motion and objection are core matters under 28 U.S.C. §§ 157(b)(2)(I), (J), (L) and (O), over which this Court has constitutional authority to enter a final judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

       There is no dispute as to the facts, and the Court sets forth here only those facts crucial to determination of the instant issue, and takes them primarily from the papers filed in this case by the objecting party, mortgagee American First Federal ("AFF").

The Debtor filed his Chapter 11 petition on February 25, 2010. For approximately 6 months prior to that date, the Debtor made no payments on the six mortgage notes underlying AFF's secured claims, then held by Fannie Mae (doc. # 426, p. 3). Approximately 2 weeks prior to the Debtor's bankruptcy filing the mortgagee had served the Debtor with a notice of a non-judicial foreclosure sale (doc. # 426, p. 4). Shortly after the Debtor filed the instant bankruptcy case, the mortgagee filed a motion asking for an Order directing the Debtor to provide adequate protection of the mortgagee's interest as a condition for the Debtor's use of its cash collateral; the Court entered a preliminary order, and then a final order, granting that motion in March and May of 2010 (docs. ## 19, 73).

On November 23, 2010, the Debtor filed his initial disclosure statement and plan (docs. ## 142, 143), and the mortgagee objected to both documents (doc. # 162). The parties thereafter entered into extensive negotiations, which spanned approximately 18 months, and on October 27, 2011, the Court confirmed the Debtor's plan, on the consent of the mortgagee (doc. # 254). The confirmed plan was based on an agreement between the Debtor and Fannie Mae which included a reduced interest rate, Fannie Mae's waiver of a pre-payment premium, and Fannie Mae's waiver of certain unpaid post-petition sums. The agreement also included an accelerated payoff date (moving the due date from July 2016 to December 2015).

In early 2016, the Debtor moved to modify the plan (doc. # 354), the mortgagee objected (doc. # 356), and the Court denied the motion to modify (doc. # 361). Shortly thereafter, in March of 2016, Fannie Mae transferred its interest in the mortgage notes and security documents to AFF.

In July 2016, the Debtor and AFF entered into a second loan modification agreement regarding all six notes, and agreed to modify the 2011 confirmed plan. On July 22, 2016, the Debtor filed a motion to modify the plan and confirmation order (doc. # 397), and on August 9, 2016, the Debtor filed a proposed modified plan (doc. # 403), to which AFF consented. On August 10, 2016, the Court granted the Debtor's motion to approve the mortgage modification and to modify the confirmation order (doc. # 405, the "Order"). That Order incorporated the new loan modification terms into the six notes and specified that "all other terms of the confirmed plan not specifically modified" remained in full force and effect (doc. # 405). Both the initial confirmed plan and the modified plan contained a paragraph stating that reaffirmation agreements shall only be enforceable if entered into accordance with § 524 (docs. ## 235, ¶ 11.4, 403, ¶ 11.4).

Since entry of that Order, the Debtor has made all payments due under the modified plan, and has filed all required monthly operating reports. Since the Office of the U.S. Trustee has not filed any motions indicating otherwise, the Court presumes the Debtor has also complied with all requirements imposed by the U.S. Trustee, including the requirement to pay quarterly fees.

2

On November 8, 2016, the Debtor filed a Motion for Entry of Discharge and Final Decree (doc. # 413, the "Motion"), and on December 1st, AFF filed an Objection to that Motion (doc. # 418, the "Objection"). On December 9, 2016, the Court held a hearing on the Motion and the Objection. The Debtor's attorney and a representative of the United States Trustee appeared at that hearing; there was no appearance by AFF.

At the hearing, the Debtor challenged the arguments set forth in AFF's Objection and requested the Court overrule it. In its Objection, AFF had asserted any discharge order entered in this case should include language that "the discharge does not affect the debtor's liability under the obligations currently held by AFF" (doc. # 418, p. 2) based upon the parties' post-petition and post-confirmation agreements. The Debtor opposed inclusion of this limitation on the Debtor's discharge and contended the Debtor's personal liability on the AFF obligation should be discharged pursuant to 11 U.S.C. § 1141[1] because AFF did not request, and the parties did not enter into, a reaffirmation agreement with respect to this debt, and AFF failed to comply with the requirements for creating a reaffirmation agreement under § 524(c). Since this argument raised an important legal issue which had not been briefed by either party, and AFF's counsel was not present to respond to it, the Court took the matter under advisement, and entered a scheduling order (doc. # 423) directing each party to file a memorandum of law to address the issue. AFF timely filed a supplemental memorandum of law in support of its Objection on December 14th (doc. # 426) and on December 16, 2016, two days after the deadline set by the Court expired, AFF filed an "addendum" setting out a new objection to the Motion, based upon an allegation that the Debtor had failed to comply with § 1141(d)(5)(b) (doc. # 428, the "Addendum"). The Debtor timely filed a reply memorandum of law, renewing its request that the Court overrule the Objection and asking the Court to strike the Addendum because it was untimely and raised arguments beyond the scope of the Objection (doc. # 429). The Office of the U.S. Trustee did not file a memorandum of law. The matter is now fully submitted.

## ISSUE PRESENTED

The sole issue presented is whether the Debtor is entitled to the discharge of his personal liability on the notes now held by AFF, or is instead deemed to have reaffirmed that personal liability through the post-petition and post-confirmation modifications of the AFF mortgage notes, plans, and confirmation orders.

## DISCUSSION

Both the Debtor and AFF rely on the following key provisions of the confirmed plan and orders of confirmation:

---

[1] All statutory citations refer to Title 11 of the United States Code (the "Bankruptcy Code"), unless otherwise indicated.

3

IT IS HEREBY ORDERED that the following introductory paragraphs in Article 5 of the Plan describing the amendments of the notes and mortgages with Fannie Mae referenced in paragraphs … shall be amended as follows (Footnote 1):

1. The language is modified to reflect that Mr. Theodore and Fannie Mae will execute amended notes and mortgage in connection with the Plan terms. The wording is to clarify treatment of this amendment and does not affect any other creditor. Fannie Mae will prepare the amended note and mortgages and absorb its costs with no additional financing costs imposed on Mr. Theodore by reason of the amended note and mortgages.

See doc # 254, p. 3.

> 11.4 ***Reaffirmation Agreement***. The Debtors have entered into or may enter into reaffirmation agreements which shall be enforceable to the extent enforceable under applicable non bankruptcy law, only if the reaffirmation agreement was entered into in accordance with the provisions of section 524 of the Bankruptcy Code including, without limitation, that the agreement has been filed with the Court, the Debtors have not rescinded the agreement, and the Court has not disapproved the agreement, after notice and a hearing, provided such hearing is concluded before the entry of the Debtors' discharge.

See doc. # 403, p. 33. The record is clear that the Debtor did not sign a reaffirmation agreement, the mortgagee did not provide any of the disclosures described in § 524(k) as required by § 524(c), and the Court did not approve a reaffirmation agreement between the Debtor and either Fannie Mae or AFF.

### THE GOVERNING STATUTES

The controlling statutes are the Bankruptcy Code provisions governing discharge of debt and reaffirmation of pre-petition debt, and they provide, respectively, as follows:

(a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.

…

(d) (1) Except as otherwise provided in this subsection, in the plan, or in the order confirming
  the plan, the confirmation of a plan—
  (A) discharges the debtor from any debt that arose before the date of such confirmation,
    …..
(2) A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title.
  …

(4) The court may approve a written waiver of discharge executed by the debtor after the order for relief under this chapter.

    (5) In a case in which the debtor is an individual—
- (A) unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;
- (B) at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor who has not completed payments under the plan if—
  - (i) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date;
  - (ii) modification of the plan under section 1127 is not practicable; and
  - (iii) subparagraph (C) permits the court to grant a discharge;

…;

11 U.S.C. § 1141(a)-(d).

- (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title **is enforceable only** to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, **only if**—
  - (1) such agreement was made **before the granting of the discharge** under section 727, 1141, 1228, or 1328 of this title;
  - (2) the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement
  - (3) such agreement has been **filed with the court** and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that—
    - (A) such agreement represents a fully informed and voluntary agreement by the debtor;
    - (B) such agreement does not impose an undue hardship on the debtor or a dependent of the debtor; and
    - (C) the attorney fully advised the debtor of the legal effect and consequences of—
      - (i) an agreement of the kind specified in this subsection; and
      - (ii) any default under such an agreement;

…

11 U.S.C. § 524(c)(1)-(3).

## CONTROLLING CASE LAW

Although this question is one of first impression in this District, the jurisprudence on the issue from within and outside this Circuit is quite consistent and clear. "In the bankruptcy context, a post-petition contract renewing pre-petition debt is a reaffirmation agreement and is only effective with court approval in strict compliance with 11 U.S.C. § 524." In re King, 480 B.R. 321, 328 (B.A.P. 8th Cir. 2012)

(citing DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002)). Where "no approval [is] sought or granted[,] any re-incorporation of pre-conversion debt is unenforceable as a matter of law. 11 U.S.C. § 524(c) says as much explicitly." In re King, 480 B.R. 321 at 328, aff'd, 744 F.3d 565 (8th Cir. 2014). This strict requirement exists to protect "one of the primary purposes of the Bankruptcy Code – that the debtor has the opportunity to make a financial fresh start." Green v. Welsh, 956 F.2d 30, 33 (2d Cir. 1992) [citations omitted]. "Section 524(c) reflects Congress['] intent to provide this protection, thereby safeguarding debtors against unsound or unduly pressured judgments about whether to attempt to repay dischargeable debts." In re Jamo, 283 F.3d 392, 398 (1st Cir. 2002).

AFF argues the post-petition loan modifications constitute new agreements and granted new consideration to the Debtor, the agreements need not comply with the requirements of § 524(c). However, courts categorically reject this argument and conclude that failure to comply with the mandates of § 524 render post-petition agreements ineffective against the Debtor's discharge:

> [T]he forbearance agreement ... was a form of 'reaffirmation agreement.' Such agreements, though they arise postpetition, are **not enforceable unless statutorily-prescribed procedures are followed with respect to those agreements."**

In re Sandburg Financial Corp., 446 B.R. 793 (S.D. Tex. 2011) (emphasis added).

Another court has explained:

> "Section 524(c) is not concerned with the consideration that the debtor received; instead, **it invalidates non-complying agreements where any part of the consideration given by the debtor involves his promise to pay a discharged debt**… Every reaffirmation agreement involves some element of new consideration. Otherwise, the debtor would not agree to pay the discharged debt. If new consideration saved a non-complying reaffirmation agreement, little would remain of the protection afforded by § 524(c).

In re Zarro, 268 B.R. 715, 720–21 (Bankr. S.D.N.Y. 2001) (citations omitted) (emphasis added). See also In re Jamo, 283 F.3d at 398 (emphasizing that "reaffirmation represents the only vehicle through which an otherwise dischargeable debt can survive the successful completion of [bankruptcy] proceedings.")

In the case with facts most analogous to those at bar, involving a Chapter 11 debtor and aggressively negotiated post-petition modifications to the terms of liability under security documents, the Fifth Circuit Court of Appeals agreed with the lower courts' rulings that § 524(c) requirements were intentionally designed to be strictly enforced:

> This Court agrees ... that "supporting [creditor's] position would be counter to the policy goals of § 524(c), in protecting debtors from creditors and in many instances from their own improvident actions.
> Here, given the lack of authority in this court permitting enforcement of the post-confirmation contracts at issue under a new and independent consideration exception and the significant authority to the contrary, this court concludes that the post-confirmation contracts would be enforceable only upon compliance with 11

6

> U.S.C. § 524(c). The district court did not err when it required that the Post–Confirmation Contracts comply with 11 U.S.C. § 524(c). The district court properly noted that the Post–Confirmation Contracts purported to reaffirm American Rice's pre-confirmation debt, which was discharged, to Sandburg Financial. The district court correctly found that the post-confirmation contracts did not satisfy the requirements of 11 U.S.C. § 524(c).

In re Am. Rice, Inc., 448 F. App'x 415, 421 (5th Cir. 2011) [citations omitted].

Additionally, the leading bankruptcy treatise reaches the identical, unequivocal conclusion:

> The debtor cannot enter into a postpetition agreement, other than a valid reaffirmation agreement, that would create personal liability for the discharged debt. For example, a postdischarge agreement to pay a secured debt after bankruptcy in exchange for the creditor's forbearance in repossessing the collateral is an agreement that recreated the debtor's personal liability for the debt and is not valid notwithstanding the creditor's claim that the agreement is for the "new" consideration of the forbearance.

COLLIERS ON BANKRUPTCY, 16th ed. ¶ 524.04, pp. 524-43, 44 [lists cases; citations omitted].

Based upon the consistent, compelling and pertinent case law, the Court finds that since AFF did not (i) obtain a reaffirmation agreement from the Debtor, (ii) provide the required disclosures to the Debtor under § 524, or (iii) obtain an order granting approval of a reaffirmation agreement with the Debtor, it is precluded by the Bankruptcy Code from enforcing the subject mortgage debts against the Debtor personally, or treating the pre-petition debt now held by AFF as having been reaffirmed. The Debtor may discharge this liability under § 1141.

### THE DEBTOR'S MOTION TO STRIKE THE ADDENDUM

Since the Addendum was filed two days after the deadline, it is stricken and not considered in the Court's adjudication of the Motion. Even if the Court were inclined to consider the Addendum, it would reject the arguments AFF advances in that document, since they were not included in the Objection and the Scheduling Order directed that AFF was limited to filing a memo of law in support of the Objection.

### CONCLUSION

For the reasons set forth above, the Court concludes AFF has failed to meet its burden of proof to limit the Debtor's discharge or establish that any of the post-petition or post-confirmation agreements constituted an enforceable reaffirmation agreement. Accordingly, the Court overrules AFF's Objection and grants the Debtor's Motion for an Entry of Discharge. Additionally, for the reasons set for the above, the Court grants the Debtor's request to strike the Addendum.

This constitutes the Court's findings of fact and conclusions of law.

_____
December 22, 2016                             Colleen A. Brown
Burlington, Vermont                           United States Bankruptcy Judge

7